BENJAMIN B. CHILDS
Nevada Bar # 3946
318 S. Maryland Parkway
Las Vegas, Nevada 89101
(702)        385-3865
Fax          385-1847
ben@benchilds.com
Attorney for Plaintiff
SALV, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SALV, LLC                                                )
                                                     ) Case # : 2:21-CV-02207-JCM-BNW
        Plaintiff                          )
                                                      )
v.                                                       )
                                                         )
CARRINGTON FORECLOSURE                                   )
SERVICES, LLC and                                        )
MORTGAGE ELECTRONIC                                      )
REGISTRATION SYSTEMS, INC                                )
(MERS) and MOUNTAINVIEW                                  )
MORTGAGE COMPANY                                         )
and DOE or ROE DEFENDANTS                                )
                                                         )
        Defendants                         )
_____

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO ADD PARTIES

      The Opposition to Plaintiff's motion by Defendants CARRINGTON FORECLOSURE SERVICES, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (MERS) [Defendants herein] solely argues that their pending Motion to Dismiss precludes adding necessary parties. Defendants created the necessity to add BRECKENRIDGE PROPERTY FUND 2016, LLC as a party to this lawsuit by issuing a Trustee's Deed Upon Sale dated March 16, 2022. [Exhibit 3]   This was with the knowledge of the pending lawsuit, and the recordation of a lis pendens.

      Then BRECKENRIDGE PROPERTY FUND 2016, LLC created the necessity to add BANK OF THE WEST as a party to this lawsuit by signing the Deed of Trust, Fixture Filing and Security Agreement Deed, which was recorded

March 24, 2022. [Exhibit 4]

RECORDING LIS PENDENS IS MANDATORY

Recording a lis pendens is mandatory, non-discretionary and required pursuant to Nevada statute.  See NRS 14.010(1), set forth below.

>NRS 14.010  Notice of pendency of actions affecting real property: Recording.
>    1.  In an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his or her answer, if affirmative relief is claimed in the answer, **shall record with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action,** containing the names of the parties, the object of the action and a description of the property in that county affected thereby, and the defendant shall also in the notice state the nature and extent of the relief claimed in the answer.
>[emphasis added]

Defendants' deed was signed knowing of the pendency of this action. Both BRECKENRIDGE PROPERTY FUND 2016, LLC and BANK OF THE WEST were on notice of the pendency of this action based on the recorded Lis Pendens. [Exhibit 2]

Another Nevada statute logically and consistently provides that recording of the Lis Pendens is notice to any subsequent purchasers or interest holders.

>NRS 111.320  Filing of conveyances **or other instruments** is notice to all persons: Effect on subsequent purchasers and mortgagees.

> Every such conveyance **or instrument of writing**, acknowledged or proved and certified, and recorded in the manner prescribed in this chapter or in NRS 105.010 to 105.080, inclusive, must from the time of filing the same with the Secretary of State or recorder for record, **impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice.**
> [Emphasis added]

INDISPENSABLE PARTY

    The Court should find that both BRECKENRIDGE PROPERTY FUND 2016, LLC and BANK OF THE WEST are indispensable parties under Fed. R. Civ. P. 19(a)(1).  Without them only incomplete relief would be possible for Plaintiff's declaratory relief and quiet title causes of action.

DISCUSSION

    In the instant case, BRECKENRIDGE PROPERTY FUND 2016, LLC made itself a necessary and indispensable party to this litigation by recording the Trustee's Deed Upon Sale on March 24, 2022. [Exhibit 3].   BANK OF THE WEST then made itself a  necessary and indispensable party to this litigation by recording the Deed of Trust, Fixture Filing and Security Agreement Deed on March 24, 2022. [Exhibit 4]

    Failing to join these necessary parties would prevent accordance of complete relief among those already parties and must be granted. Lykins v. Westinghouse Electric, 710 F. Supp. 1122, 28 Env't Rep. Cas. (BNA) 1923, 1988 U.S. Dist. LEXIS 16630 (E.D. Ky. 1988).

CONCLUSION

At this time it is unknown what the relationship is between Defendants and either BRECKENRIDGE PROPERTY FUND 2016, LLC or BANK OF THE WEST.  All that is known is that they have recorded documents which affect title to the Subject Property with knowledge of the pending quiet title itigation.  Thus, they voluntarily made themselves necessary parties to the instant case while the case was pending, and after they were on notice of the pending lawsuit.

Both  BRECKENRIDGE PROPERTY FUND 2016, LLC and BANK OF THE WEST are necessary and indispensable parties to the pending lawsuit and should be joined as interested parties.


/s/ BENJAMIN B. CHILDS, ESQ.
_____
BENJAMIN B. CHILDS
Nevada Bar #3946
Attorney for Plaintiff