UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SALV, LLC,<br><br>                     Plaintiff(s),<br><br>    v.<br><br>CARRINGTON FORECLOSURE SERVICES, LLC, et al.,<br><br>                     Defendant(s). | Case No. 2:21-CV-2207 JCM (BNW)<br><br>ORDER |

Presently before the court is defendants Carrington Foreclosure Services, LLC ("Carrington"), and Mortgage Electronic Registration Systems, Inc.'s (MERS) (collectively, "defendants") motion to dismiss complaint with prejudice. (ECF No. 8). Plaintiff Salv, LLC, ("plaintiff") responded. (ECF No. 10). Defendants replied. (ECF No. 11).

**I.  BACKGROUND**

Plaintiff brought this action as an attempt to obtain free and clear title to the real property located at 3153 Arville Street, Las Vegas, Nevada 89102 (the "property"). (ECF No. 1-1). This is not the first time title to the property has been litigated; in 2017, a quiet title action was filed in this court. *See BOMF IIIV 2014-19NPL1 Corp. v. Moninger et al.*, Case No. 2:17-cv-01106.

Plaintiff was named as a defendant in that action and served via publication. (ECF No. 8 at 5). When plaintiff failed to appear, the court granted default judgment against him. (*Id.*). Plaintiff moved to set aside judgment on the grounds of (1) lack of subject-matter jurisdiction;

**James C. Mahan**
**U.S. District Judge**

(2) statute of limitation; (3) laches; and (4) lack of injunctive relief. (*Id.*). The court denied the motion, and plaintiff did not appeal. (*Id.*).

As an alternative means of obtaining favorable declaratory judgment, plaintiff now brings the instant action against defendants not parties to the prior quiet title action. (ECF No. 1-1).

## II.     LEGAL STANDARD

The doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the same parties or their privies. *In re Jenson*, 980 F.2d 1254, 1256 (9th Cir. 1992). The doctrine is intended to "insure[] the finality of decisions, conserve[] judicial resources, and protect[] litigants from multiple lawsuits." *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986) (citing *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528-29 (9th Cir. 1985)).

Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997)). Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (internal quotations omitted).

Under federal claim preclusion law, "unless the court in its order for dismissal otherwise specifies, a dismissal…other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under [Rule] 19, operates as an adjudication upon the merits." *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) (quoting Fed. R. Civ. P. 41(b)).

. . .

. . .

### III. DISCUSSION

As an initial matter, the court takes judicial notice of the facts in defendants' motion that are present in public records. (*See* ECF No. 8, Exhs. 1–12).

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. LR 7-2(d). Plaintiff's motion did not respond to any claim preclusion arguments raised by defendants. (*See generally* ECF No. 10). The court finds defendants' claim preclusion arguments persuasive and dispositive. Thus, plaintiff's failure to adequately respond to defendants' quiet title arguments constitutes consent to the granting of the instant motion. *See* LR 7-2(d).

The court does not seek out arguments to raise on behalf of plaintiff. *See Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("A judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").

In particular, however the court notes the defendants, though not parties to the prior action, are in privity with parties who were. MERS is in privity with Bank of America, N.A., who was a party in the prior action, as a predecessor-in-interest. (ECF No. 8). Carrington likewise is in privity with Bank of America, N.A., as the beneficiary of record of the Deed of Trust at issue. (*Id.*).

Moreover, the default judgment was rendered and affirmed upon denial of a motion to set aside by a competent court. This constitutes a final judgment on the merits as it was decided by a federal court sitting in diversity applying state law. *See BOMF IIIV 2014-19NPL1*, Case No.

2:17-cv-01106; see also *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 (9th Cir. 2017).

Thus, defendants' motion is well-taken, and without meritorious opposition, is granted.

## IV.      CONCLUSION

Accordingly, and pursuant to the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

The clerk of the court is hereby instructed to close this case.

DATED September 30, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**